IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Seneca Leandro View, LLC,            :
                    Appellant        :
                                     :
        v.                           :    No. 276 C.D. 2025
                                     :
Greene County Board of Assessment    :    Submitted: June 16, 2026
Appeals and Central Greene School    :
District                             :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MATTHEW S. WOLF, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY JUDGE McCULLOUGH                         FILED: July 27, 2026

Seneca Leandro View, LLC (Taxpayer) appeals from the February 4, 2025 order of the Court of Common Pleas of Greene County (trial court), which granted the Petition to Strike Consent Order filed by Central Greene School District (School District) in Taxpayer's statutory assessment appeal. The trial court concluded that, because the School District and Waynesburg Borough (Borough) did not receive notice of the filing of Taxpayer's appeal, it was without jurisdiction to approve and enter a final consent order agreed upon by Taxpayer and the Greene County Board of Assessment Appeals (Board).

Upon review, we quash this appeal as premature.

## I.      Factual and Procedural Background

The material facts underlying this dispute are undisputed and may be summarized as follows. Taxpayer owns the subject property (Property), which is located within both the Borough and the School District. Taxpayer purchased the Property at an upset tax sale in 2020. For tax year 2023, the Property's assessed value was $38,040.00, which assessment Taxpayer appealed to the Board. In support of its

appeal, Taxpayer submitted an appraisal report that detailed the Property's state of disrepair and assigned it a significantly reduced fair market value. The Board nevertheless denied Taxpayer's appeal and affirmed the prior assessment.

Taxpayer filed a timely appeal in the trial court on September 22, 2022 (Trial Court Action). Taxpayer named only the Board as a Respondent. For approximately eight months, the parties engaged in pretrial proceedings and settlement negotiations, during which period neither the School District nor the Borough sought to intervene or otherwise participate in the proceedings. On May 23, 2023, Taxpayer and the Board filed a consent order to conclude the litigation (Consent Order). The Consent Order was signed by counsel for Taxpayer and the Board and provided that, beginning with tax year 2022, the Property's fair market value would be set at $13,250.00. (Reproduced Record (R.R.) at 069a.) The trial court entered the Consent Order the same day, and the case was closed.

Approximately 15 months later on August 27, 2024, the Greene County Assessment Office issued a memorandum noting the change of assessment for the Property, which it served on the School District and Borough, among other entities. (R.R. at 154a.) The change of assessment was not appealed. On December 9, 2024, the School District filed in the trial court a Petition to Strike Consent Order (Petition to Strike), in which it argued that both the School District and Borough were indispensable parties to the Trial Court Action and were neither joined as respondents nor notified of its filing. The School District accordingly contended that the trial court was without jurisdiction and that the Consent Order must be vacated as void. (R.R. at 77a-81a.)[1]

---

[1] A petition to strike a judgment operates as a demurrer directed to defects in the record. Such a petition will be granted only if the defects are fatal and appear on the face of the record. *Chartiers*
**(Footnote continued on next page…)**

Taxpayer filed an Answer and a Memorandum of Law in Opposition to the Petition to Strike, in which it argued, among other things, that the trial court lacked jurisdiction to strike the Consent Order more than 30 days after it was entered pursuant to Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505, and that neither the School District nor the Borough were indispensable parties to the Trial Court Action. (R.R. at 116a, 157a.)

The trial court granted the Petition to Strike on February 4, 2025. The trial court concluded that the Board's failure to provide adequate notice to the School Board and Borough pursuant to Section 8844(e)(2.1)(ii) of the Consolidated County Assessment Law, 53 Pa.C.S. § 8844(e)(2.1)(ii), deprived it of jurisdiction and rendered the Consent Order "ineffective." (Trial Ct. Order, 2/5/2025, at 4 (unpaginated); R.R. at 170a.)[2]

This appeal followed, and both the trial court and Taxpayer have complied with Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925. (R.R. at 187a-96a.)

## II.    Issues

In this Court, Taxpayer argues that (1) the trial court lacked jurisdiction to strike the Consent Order pursuant to 42 Pa.C.S. § 5505; (2) the School District lacked standing to file the Petition to Strike; (3) neither the School District nor the Borough were indispensable parties to the Trial Court Action; (4) the School District waived any objections to the Consent Order because it failed to intervene or otherwise participate

---

*Industrial and Commercial Development Authority v. Allegheny County Board of Property Assessment, Appeals, and Review*, 645 A.2d 944, 946 n.2 (Pa. Cmwlth. 1994).

[2] Although the School District alleged defective notice in the Petition to Strike, Taxpayer asserted in its answer that adequate notice was provided. (Petition to Strike, ¶¶ 13, 14, 29; R.R. at 075a, 077a; Answer, ¶¶ 13, 14, 29; R.R. at 118a-21a, 136a.) Thus, the precise nature of the required notice and the notice actually provided appears to have been in dispute below. The trial court did not, however, conduct a hearing on the Petition to Strike or make any associated findings of fact.

in the Trial Court Action; and (5) the trial court had jurisdiction to enter the Consent Order.

The School District argues in response that, as a preliminary matter, Taxpayer's appeal of the trial court's February 4, 2025 order is premature because it is not a final order disposing of all claims against all parties. The School District points out that the trial court's order merely strikes the Consent Order and reopens the litigation, which must be finally decided before an appeal to this Court will lie. (School District Br. at 15-17.) Alternatively, the School District contends that the trial court properly struck the Consent Order as void *ab initio*. *Id.* at 17-31.[3]

## III.  **Discussion**

We begin with the School District's argument that this appeal is premature because it implicates our subject matter jurisdiction and, in this instance, is dispositive.[4] The School District argues that the trial court's February 2, 2025 order is neither a final order pursuant to Pa.R.A.P. 341 nor an appealable, non-final order pursuant to Pa.R.A.P. 311, 312, or 313. (School District Br. at 15-17.) Taxpayer rejoins that the trial court's order is a final, appealable order because it struck the Consent Order, which itself was a final and appealable order disposing of the Trial Court Action. (Taxpayer

---

[3] The Board joins in the School District's appellate brief. *See* Joinder, 3/12/2026. The Board appears to agree both that this appeal is premature and, alternatively, that the trial court did not err in granting the Petition to Strike.

[4] The appealability of trial court orders implicates our jurisdiction, is an unwaivable issue, and may be raised by this Court *sua sponte*. *Smith v. Ivy Lee Real Estate LLC,* 326 A.3d 1064, 1069 (Pa. Cmwlth. 2024); *Wells Fargo Bank, N.A. v. James*, 90 A.3d 813, 815 n.3 (Pa. Cmwlth. 2014). Questions of appealability and subject matter jurisdiction are questions of law, over which we exercise *de novo*, plenary review. *Com. Ex rel. Kane v. Philip Morris, Inc.*, 128 A.3d 334, 340 n.5 (Pa. Cmwlth. 2015).

Reply Br. at 1.)  We are constrained to agree with the School District that the trial court's order is not appealable and, consequently, that this appeal must be quashed.

This Court's jurisdiction over appeals from orders of the courts of common pleas generally is limited to final orders.  *See* Section 762(a) of the Judicial Code, 42 Pa.C.S. § 762(a); *Mahoning Township v. Zoning Hearing Board of Mahoning Township*, 320 A.3d 861, 867 (Pa. Cmwlth. 2024).  Relatedly, Pa.R.A.P. 341(a)[5] provides that, with exceptions not applicable here, "an appeal may be taken as of right from any final order of an administrative agency or lower court."  Pa.R.A.P. 341(a).  Rule 341(b) defines a "final order" as one that (1) disposes of all claims and all parties; (2) is entered as a final order pursuant to Pa.R.A.P. 341(c);[6] or (3) is a qualifying Post Conviction Relief Act[7] order under Pa.R.A.P. 341(f).  Pa.R.A.P. 341(b).  *See also* Pa.R.A.P. 311 (allowing certain interlocutory appeals as of right), 312 and 1311 (allowing certain interlocutory appeals by permission), and 313 (allowing appeals from qualifying "collateral orders").  "The purpose of limiting appellate review to a final order is to prevent piecemeal determinations and the consequent protraction of litigation." *In re First Baptist Church of Spring Mill*, 22 A.3d 1091, 1095 (Pa. Cmwlth. 2011) (citations and quotations omitted).

Here, Taxpayer has not sought permission to appeal pursuant to Pa.R.A.P. 312 and 1311, and Taxpayer does not contend that the trial court's order is an

---

[5] Rule 341 was amended on December 11, 2025, effective July 1, 2026, with changes that do not impact the issues involved here.  Nevertheless, because the trial court's order and Taxpayer's notice of appeal pre-date the effective date of the amendments, we apply the former Rule 341.

[6] Rule 341(c) provides a mechanism by which a trial court may enter a final order as to fewer than all claims against all parties upon the court's determination that "an immediate appeal would facilitate resolution of the entire case."  Pa.R.A.P. 341(c).

[7] 42 Pa.C.S. §§ 9541-9546.

appealable collateral order.[8] We therefore must determine whether the order qualifies as a "final order" under Pa.R.A.P. 341, or, alternatively, whether it is an interlocutory order that may be appealed by right pursuant to Pa.R.A.P. 311.

First, the trial court's order, on its face, is not a final order under Pa.R.A.P. 341, as it does not dispose of all claims and all parties. The trial court concluded that it did not have jurisdiction to enter the Consent Order because notice under 53 Pa.C.S. § 8844(e)(2.1)(ii) was defective. (R.R. at 169a-70a.) It accordingly vacated the Consent Order, but did not dismiss the action.[9] Thus, because the trial court's order does not dispose of all claims and all parties and neither resolves nor dismisses the Trial Court Action with prejudice, it is not a final order pursuant to Pa.R.A.P. 341.

Second, the order also is not an interlocutory order appealable as of right pursuant to Pa.R.A.P. 311. Rule 311(a)(1) provides that an appeal may be taken as of

---

[8] In any event, the collateral order doctrine is not satisfied here. Pursuant to Pa.R.A.P. 313(b), an otherwise interlocutory order may be appealable if: (1) it is "separable from and collateral to the main cause of action"; (2) "the right involved is too important to be denied review;" *and* (3) "the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b); *see also Brooks v. Ewing Cole, Inc.*, 259 A.3d 359, 364 (Pa. 2021). The trial court's order satisfies none of these prongs. The order is directly related to the merits of Taxpayer's assessment appeal, as it struck the Consent Order that resolved the merits of the dispute and established the fair market value of the Property. The order also did not resolve any of Taxpayer's claims; it merely reopened the litigation, which could be resolved either by settlement or by final adjudication of the trial court.

[9] Although the trial court did not expressly conclude that the Borough and School District were indispensable parties, it did conclude that *notice* to those parties of the filing of Taxpayer's appeal was indispensable. R.R. at 169a. *See also Chartiers Industrial and Commercial Development Authority*, 645 A.2d at 946 (although taxing authorities are interested parties in statutory assessment appeals and have the right to participate in all phases of litigation, such right may be waived by failure to appear after being properly served with notice). The trial court therefore did not dismiss the action but instead vacated the Consent Order, presumably to give the taxing authorities an opportunity to seek intervention. Even had the trial court concluded that the taxing authorities were indispensable, the proper course would have been for that court to join those parties, if possible. *See* Pa.R.Civ.P. 1032(b). Only if such joinder is impossible must a court dismiss the action. *Id.*

6

right, without any need to seek permission, from an order "*refusing* to open, vacate, or strike off a judgment." Pa.R.A.P. 311(a)(1) (emphasis added). The rule conspicuously omits from its application an order striking or opening a judgment. We have explained the logic behind that omission as follows:

> [A] an order striking a judgment is generally not appealable. Unlike an order which refuses to strike a judgment, an order which strikes a judgment is not an interlocutory order from which an appeal as of right may lie under Pa.R.A.P. 311(a)(1). This is because an order which strikes a judgment (entered, for example, for non-pros, default, or by confession) does not end the litigation. Rather, it anticipates further litigation because it places the parties back in the position they were prior to the entry of judgment.

*Wilson v. Travelers Casualty and Surety Company*, 88 A.3d 237, 245 n.10 (Pa. Cmwlth. 2013).[10] Our sister intermediate appellate court has stated similarly that an "order opening [a confessed] judgment . . . does not end the litigation, nor preclude participation by certain parties in the litigation, nor result in the irreparable loss of the claim. On the contrary, this order opens up the possibility of further litigation between the parties, while causing neither irreparable loss nor prejudice to" the appellant. *Joseph Palermo Development Corp. v. Bower*, 564 A.2d 996, 998 (Pa. Super. 1989); *see also id.* at 997 ("Review of the correctness of the trial court's action in opening the judgment is merely postponed to a later date.").[11]

---

[10] *See also* 20 West's Pa. Prac., Appellate Practice § 311:10 (2025-26 ed.) (order vacating or striking off a judgment is not appealable as of right; the body of caselaw interpreting the former Pa.R.A.P. 311(a) to permit such appeals has been superseded by rule amendments).

[11] Although Superior Court decisions are not binding on this Court, they are valuable as persuasive precedent where they address analogous issues. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

7

Pennsylvania appellate courts thus have generally declined to exercise jurisdiction over appeals from orders opening or striking judgments, particularly where those orders do not dispose of all claims against all parties and anticipate further litigation. *See, e.g.*, *Carter v. Cornerstone Construction Services* (Pa. Cmwlth., No. 1174 C.D. 2016, filed June 6, 2017) (quashing appeal from an order striking a default judgment as interlocutory; Rule 311(a)(1) not applicable to orders *granting* motions to strike judgments);[12] *Digital Communications Warehouse, Inc. v. Allen Investments, LLC*, 223 A.3d 278, 283, 284 n.6 (Pa. Super. 2019) (order granting a motion to open judgment not appealable; such an order returns parties to their pre-judgment positions and anticipates future litigation). *Cf. Chartiers Industrial and Commercial Development Authority*, 645 A.2d at 946 (considering and deciding appeal from an order *refusing* to strike a final consent judgment entered in tax assessment appeal); *Cargitlada v. Binks Manufacturing Co.*, 837 A.2d 547, 549 n.2 (Pa. Super. 2003) (appellate court considered appeal from trial court order granting a motion to strike judgment entered after jury trial where order removed a party from the case's caption and otherwise resolved all claims against all parties); *Duquesne Light Co. v. Rudolph N. Rohn Co., Inc.*, 753 A.2d 286, 287 (Pa. Super. 2000) (court exercising discretionary review of the propriety of a trial court's order opening a consent judgment after granting the appellant's petition for review). Further, although Pa.R.A.P. 311(a)(1) typically applies to judgments entered by default or confession, it also applies to other types of judgments. *See* 20 West's Pa. Prac., Appellate Practice §§ 311:10, 311:19 (2025-26 ed.) (order granting a petition to vacate summary judgment or judgment on the pleadings generally not appealable pursuant to Pa.R.A.P. 311(a)).

---

[12] We cite this unreported Commonwealth Court decision for its persuasive value. *See* Section 414(a) of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code § 69.414(a).

Here, the trial court's order is not appealable under the express language of Pa.R.A.P. 311(a)(1), as it did not refuse to strike the Consent Order. There further are no circumstances in this case that militate in favor of finding the order to be appealable. The order did not dismiss the Trial Court Action or resolve all (or any) claims and all (or any) parties. The order also clearly anticipated further litigation. The trial court concluded that notice to the taxing authorities was defective and struck the Consent Order presumably to afford those entities an opportunity to intervene or otherwise participate in the proceedings. Had Taxpayer not appealed, the litigation likely would have proceeded to its conclusion either by another settlement or by adjudication, and any appeal from a final order disposing of the action could include the issue of whether the trial court erred in striking the Consent Order. For all of these reasons, we conclude that the trial court's order is not immediately appealable as of right under Pa.R.A.P. 311(a)(1).

Taxpayer argues, in part, that "an order vacating a consent judgment is final and appealable because it disposes of the settlement that resolved all claims between the parties." (Taxpayer Br. at 1) (citing *Penn National Mutual Casualty Insurance Co. v. Phillips*, 276 A.3d 268, 273 (Pa. Super. 2022), and *Digital Communications Warehouse, Inc.*, 223 A.3d at 283). Taxpayer's argument is both misguided and unsupported by the cases it cites. First, there is no dispute that the Consent Order was a final order disposing of all claims against all parties. All judgments, including those entered by default, confession, consent, or adjudication, accomplish finality. But orders striking or opening those judgments, including the one entered here by consent, do not; they re-open the litigation and, by their very nature, are not final.

9

Second, *Penn National Mutual Casualty Insurance Co.* and *Digital Communications Warehouse, Inc.* both undermine Taxpayer's position and support our disposition. Considering the cases in reverse order, *Digital Communications Warehouse, Inc.* involved two appeals: one from an order opening a default judgment and one from an order denying a petition to strike and/or open a default judgment. 223 A.3d at 281. The Superior Court quashed the appeal from the order opening a default judgment, therein concluding that the order was not final, was not an appealable collateral order, and was not immediately appealable by right pursuant to Pa.R.A.P. 311(a). *Id.* at 284. The Court permitted and considered the appeal from the order refusing to strike or open a default judgment, concluding that the order was immediately appealable as of right pursuant to Pa.R.A.P. 311(a)(1). *Id.* Thus, the Superior Court in *Digital Communications Warehouse, Inc.* made the exact distinction that we have made herein between orders that open or strike judgments (which generally are not appealable) and those that refuse to open or strike judgments (which generally are appealable).

*Penn National Mutual Casualty Insurance Co.* is similar. There, the Superior Court permitted and considered an appeal from a trial court order *denying* a petition to strike or open a default judgment. 276 A.3d at 270. The Superior Court nowhere addresses orders granting petitions to strike, and the decision therefore lends no support to Taxpayer's position.

### IV.    Conclusion

In sum, because the trial court's February 4, 2025 order is neither final nor otherwise appealable, Taxpayer's appeal is premature, and we lack jurisdiction to consider it. We accordingly quash.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Seneca Leandro View, LLC, : 
          Appellant : 
           : 
       v. : No. 276 C.D. 2025
           : 
Greene County Board of Assessment : 
Appeals and Central Greene School : 
District : 

## *ORDER*

AND NOW, this 27th day of July, 2026, for the reasons set forth in the foregoing Opinion, the instant appeal from the February 4, 2025 order of the Court of Common Pleas of Greene County is hereby QUASHED.

_____
PATRICIA A. McCULLOUGH, Judge